IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LINDA F. SISKA, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-65** (RLH) |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ | |

**ORDER**

The plaintiff herein filed an application for disability insurance benefits in February 2002. The applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on January 8, 2004. In a decision dated January 26, 2004, the ALJ denied plaintiff's claims. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff's current complaints of pain were credible; however, the ALJ concluded that there was no medical evidence to support plaintiff's claims that she had been severely disabled and unable to work prior to the date she was last insured in June of 1996.

Plaintiff has primarily worked as a waitress and a cashier, primarily working as a cashier at a convenience store until September 28, 1990, when she was involved in a motor vehicle accident and suffered a broken elbow and nerve damage in her hand. (Tr. 112, 182-183).  After surgery and a year of recovery, plaintiff returned to her employment for part of 1992 until March of 1993. Plaintiff filed for disability insurance benefits in October of 2002.

*Credibility/Pain Standard*

Plaintiff asserts that the ALJ improperly discounted her testimony that she was disabled prior to her last insured date of June 1996.    Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about

the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

Plaintiff reported back pain at the emergency room in May of 2000 stating that the pain had never been that bad before.  (Tr. 137).  An x-ray showed degenerative changes at L4-5 and S1, but no acute abnormality.  (Tr. 157).  Emergency room records from October of 2002 indicated that plaintiff injured her back while lifting her disabled husband.  (Tr. 135).  An MRI from November of 2002 indicated that plaintiff had moderate disc degeneration at L4-5 and a disc protrusion at L2-3 but not herniation (Tr. 157).   Plaintiff admitted in her application for benefits that she had been able to cut grass and perform other chores until two or three years ago.  (Tr. 78-79).  At the time of the application, plaintiff stated she was able to drive a car, grocery shop, make beds, do laundry, cook, and take care of her personal needs.  (Tr. 17, 102, 147-148, 192-193).  Plaintiff's medical records from her car accident indicate that she healed well from her injury with good range of motion and good grip in her hand.  (Tr. 16, 113-118).  Plaintiff also

testified that she adjusted to working despite the problem with her hand after her accident. (Tr. 191, 195).

The ALJ pointed out the lack of evidence in the record that shows that plaintiff was disabled prior to the expiration of her insured status in June of 1996, and that the medical evidence shows that plaintiff's condition has gotten worse over time. (Tr. 17). The ALJ also concluded that the medical evidence of record "does not provide a basis to find that she could not have performed a full range of light work during the period before her date last insured" and noted that in fact plaintiff had returned to her former job for a substantial period after her accident and prior to the expiration of her last insured date. (Tr. 17).

Plaintiff states that the ALJ should have gone into greater detail as to why he discounted her testimony that she was disabled prior to the expiration of her insured status, and that failure to do so is reversible error. However, it appears from the decision of the ALJ that he relied on the lack of any medical evidence in the record that supported plaintiff's subjective complaints of disabling pain during the relevant time period.

Remand is a "wasteful corrective exercise" when no further findings could be made that would alter the ALJ's decision given the record as a whole. Ware v. Schwieker, 651 F.2d 408, 412 (5th Cir. 1981). Remand is not necessary unless the record reveals evidentiary gaps that result in unfairness or clear prejudice. Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). Keeping in mind the fact that the court may not re-weigh the evidence, and the fact that the court must affirm even if the evidence preponderates against the decision, it does appear that the ALJ's decision was supported by substantial evidence. Bloodsworth, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 20th of September, 2005.

```
                                            //S Richard L. Hodge
                                            RICHARD L. HODGE
msd                                         UNITED STATES MAGISTRATE JUDGE
```